**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NICHOLAS H. HENRY,

        Plaintiff,

                                  CIVIL ACTION

v.

                                  No:  08-3198-KHV-GLR

OFFICER (FNU) BUSSELL,
Kansas City, Kansas Police Department,

        Defendant.

## ORDER

        This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (doc. 6). Plaintiff requests that the Court appoint counsel to represent him in this action, which arises under 42 U.S.C. § 1983 *et seq.* Plaintiff is proceeding in this action *in forma pauperis* under 28 U.S.C. § 1915.

        It is well settled that a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding in forma pauperis.[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3] In determining whether to appoint counsel, the district court may consider a variety of factors, including: (1) the merits of the litigant's

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

Plaintiff seeks money damages and other relief based upon allegations that on November 30, 2007, in Kansas City, Kansas, Defendant used excessive force during a traffic incident, which resulted in Plaintiff's back being broken in three places. Plaintiff further states in his Complaint that he has contacted an attorney who agreed to take his case on a contingency fee basis, but now his attorney will not see him and or return his phone calls.

As Plaintiff has conferred with an attorney who agreed to take his case, the Court will deny the motion without prejudice to any later motion that shows that Plaintiff has in the meantime made reasonable and additional, but unsuccessful, efforts to confer with his attorney.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (doc. 6) is denied without prejudice, as set forth herein.

Dated in Kansas City, Kansas on this 18th day of September, 2008.

s/ Gerald L. Rushfelt<br>
Gerald L. Rushfelt<br>
United States Magistrate Judge

---

[4] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).