# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICHOLAS H. HENRY,

        Plaintiff,

v.

OFFICER CHRISTOPHER BUSSELL,
Kansas City, Kansas Police Department,

        Defendant.

CIVIL ACTION

No: 08-3198-KHV-GLR

## ORDER

This matter comes before the Court on Plaintiff's second Motion for Appointment of Counsel (doc. 18). Plaintiff requests that the Court appoint counsel to represent him in this action, which arises under 42 U.S.C. § 1983 *et seq*. Plaintiff is proceeding in this action *in forma pauperis* under 28 U.S.C. § 1915.

It is well settled that a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding in forma pauperis.[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3] In determining whether to appoint counsel, the district court may consider a variety of factors, including: (1) the merits of the litigant's

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

Plaintiff seeks money damages and other relief based upon allegations that on November 30, 2007, in Kansas City, Kansas, Defendant used excessive force during a traffic incident, which resulted in Plaintiff's back being broken in three places. The Court denied Plaintiff's first motion for appointment of counsel based upon assertions in the Complaint that Plaintiff had contacted an attorney who agreed to take his case on a contingency fee basis, but now his attorney will not see him and or return his phone calls. The Court denied the motion without prejudice to any later motion showing that Plaintiff had made reasonable and additional, but unsuccessful, efforts to confer with his attorney.

In his second motion for appointment of counsel, Plaintiff states that he has made repeated efforts to obtain a lawyer, including contacting a lawyer referral service. He has attached three letters from lawyers who he has made attempts to hire. Plaintiff further indicates that the attorney who was going to take the case has since advised that he is not interested.

The Court has reviewed the letters attached to Plaintiff's motion. These letters appear to be from attorneys in response to Plaintiff's written request for representation. Contrary to Plaintiff's claim that he has been unsuccessful in finding an attorney to represent him in this matter, the letters rather ask Plaintiff to provide more information so that the attorney can further evaluate Plaintiff's claims. In light of the nature of the letters, the Court cannot conclude that Plaintiff has not been able to locate an attorney on his own. The Court encourages Plaintiff to work with the attorneys he

---

[4] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

has contacted and provide them with the information requested. The Court will therefore deny the motion without prejudice to any later motion that shows that Plaintiff has in the meantime made reasonable and additional, but unsuccessful, efforts to retain one of the attorneys who have requested additional information from him.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (doc. 18) is denied without prejudice, as set forth herein.

Dated in Kansas City, Kansas on this 1st day of November, 2008.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge